IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE DEPOT INC.,<br><br>　　　　Defendant. | C.A. No. 1:13-cv-00239 LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.C. PENNEY COMPANY, INC.,<br><br>　　　　Defendant. | C.A. No. 1:13-cv-00287 LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QVC INC.,<br><br>　　　　Defendant. | C.A. No. 1:13-cv-00288 LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEARS HOLDINGS COMPANY,<br><br>　　　　Defendant. | C.A. No. 1:13-cv-00289 LPS |

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>LIMITED BRANDS, INC.,<br><br>             Defendant. | C.A. No.  1:13-cv-00326 LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>GAP INC.,<br><br>             Defendant. | C.A. No.  1:13-cv-00330 LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>WILLIAMS-SONOMA INC.,<br><br>             Defendant. | C.A. No.  1:13-cv-00331 LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE CORP.,<br><br>             Defendant. | C.A. No.  1:13-cv-00404 LPS |

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>      Plaintiff,<br><br>   v.<br><br>NORDSTROM.COM LLC, NORDSTROM.COM INC., and NORDSTROM INC.<br><br>      Defendants. | C.A. No.  1:13-cv-00408 LPS |

## ADOBE SYSTEMS INCORPORATED'S COMPLAINT IN INTERVENTION

1. Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor Adobe Systems Incorporated ("Adobe") hereby alleges for its Complaint in Intervention as follows: Adobe seeks a judgment against Princeton Digital Image Corporation for breach of contract and a declaration of unenforceability of U.S. Patent No. 4,813,056 (the "'056 Patent") for Princeton's patent misuse.

### Parties

2. Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, California.

3. Upon information and belief, Princeton Digital Image Corporation ("Princeton") is a Texas corporation. Thomas F. Meager is the president of Princeton, and has conducted business for Princeton as its president in the past. Mr. Meager is an attorney in Princeton, New Jersey.

### Jurisdiction and Venue

4. Princeton brought the above-captioned actions against defendants Office Depot Inc. ("Office Depot"; Case No. 13-cv-00239), J.C. Penney Company, Inc. ("J.C. Penney"; Case

1

No. 13-cv-00287), QVC Inc. ("QVC"; Case No. 13-cv-00288), Sears Holdings Company ("Sears"; Case No. 13-cv-00289), Limited Brands, Inc. ("Limited Brands"; Case No. 13-cv-00326), Gap Inc. ("Gap"; Case No. 13-cv-00330), Williams-Sonoma Inc. ("Williams-Sonoma"; Case No. 13-cv-00331), Costco Wholesale Corp. ("Costco"; Case No. 13-cv-00404), and Nordstrom.Com LLC, et al. ("Nordstrom;" Case No. 13-cv-00408) asserting liability for infringement of U.S. Patent No. 4,813,056 (the "'056 Patent"). These companies will herein be referred to as Defendants.

5. This action is related to the above-captioned cases because the claims arise out of the patent infringement allegations by Princeton against Defendants.

6. While Princeton's complaint does not allege which products form the basis of the infringement allegations against Defendants, based on Defendants' discussions with Princeton, and Defendants' understanding of its systems, Defendants have tendered defense and indemnity to Adobe. Despite Adobe's repeated efforts to understand from Princeton the basis of its infringement allegations beyond use of Adobe's admittedly licensed products and services, Princeton has been unable to provide any.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (b), and (c).

8. This Court has personal jurisdiction over Princeton by virtue of Princeton's filing and pursuit of the above-captioned cases and other actions involving the '056 Patent in this District.

**Notice of Related Cases**

9. This case is related to other cases filed by Princeton in this District, and assigned to the Honorable Judge Stark. Those cases include the following civil action numbers: 1:12cv01739;   1:12cv01749;   1:12cv01770;   1:13cv00237;   1:13cv00238;   1:13cv00239;

1:13cv00240;   1:13cv00241;   1:13cv00284;   1:13cv00285;   1:13cv00286;   1:13cv00287;

1:13cv00288;   1:13cv00289;   1:13cv00290;   1:13cv00325;   1:13cv00326;   1:13cv00327;

1:13cv00328;   1:13cv00329;   1:13cv00330;   1:13cv00331;   1:13cv00399;   1:13cv00400;

1:13cv00401;   1:13cv00402;   1:13cv00403;   1:13cv00404;   1:13cv00405;   1:13cv00406;

1:13cv00407;   1:13cv00408;   1:13cv00410;    1:13cv00411;   1:13cv00442;   1:13cv00510;

1:13cv00511;   1:13cv00512;   1:13cv00513;   1:13cv00514;   1:13cv00515;   1:13cv00516;

1:13cv00517;   1:13cv00518;   1:13cv00519;   1:13cv00520;   1:13cv00521;   1:13cv00522;

1:13cv00523; 1:13cv00524; 1:13cv00525.[1]

## Background and Adobe's Interest in This Lawsuit

10. Adobe develops and sells many software applications for computers and electronic devices, such as Adobe Photoshop, and Adobe provides technology-related services, such as those from Scene7.

11. On information and belief, Princeton is in the business of acquiring and licensing patents.

12. Princeton purports to be the owner of all right, title and interest to the '056 Patent. Princeton purportedly acquired these patent rights in 2009, after the '056 Patent expired in 2007.

13. The '056 Patent relates to encoding of image data into JPEG files.

14. JPEG files are decoded to display images on an electronic display.

15. On June 6, 2011, Adobe and Princeton entered into a valid and enforceable

---

[1] Although Princeton has dismissed some of these related cases, Princeton still maintains suits against at least nine Adobe customers—those customer names and civil action numbers are listed in Paragraph 4.

agreement ("the Agreement") concerning the '056 Patent.

16. The Agreement granted to Adobe a fully-paid up license to the '056 Patent.

17. All past, present, and future Adobe products and services are licensed under the Agreement.

18. For example, Adobe's Photoshop and Scene7 products and services are licensed to practice the '056 Patent.

19. Furthermore, Adobe's past, present, and future products when used in combination with any other products or services are also licensed under the Agreement.

20. The Agreement also provides a release and covenant not to sue Adobe for any claims of infringement of the '056 Patent that arise in whole or in part from manufacture or use of an Adobe licensed product or service.

21. The Agreement extends Adobe's license and covenant to Adobe's past, present, and future licensees, customers, and end users for any claims arising in whole or in part from use of Adobe's licensed products and services.

22. On information and belief, Princeton has filed over 50 patent infringement suits alleging infringement of the '056 Patent.

23. On information and belief, the basis for Princeton's infringement allegations typically is that each defendant has encoded image data into JPEG files, and that those JPEG files are accessible through each Defendant's website.

24. Adobe's licensed products, such as Adobe Photoshop, are used to create JPEG images.

25. Adobe also offers licensed technology and services, such as Scene7, for processing JPEG images, which can be accessed when an Adobe customer's website is requested.

26. Adobe further offers other licensed products that allow end users to process and display JPEG images.

27. Several Adobe customers are among the remaining defendants sued by Princeton, including Office Depot Inc. ("Office Depot"; Case No. 13-cv-00239), J.C. Penney Company, Inc. ("J.C. Penney"; Case No. 13-cv-00287), QVC Inc. ("QVC"; Case No. 13-cv-00288), Sears Holdings Company ("Sears"; Case No. 13-cv-00289), Limited Brands, Inc. ("Limited Brands"; Case No. 13-cv-00326), Gap Inc. ("Gap"; Case No. 13-cv-00330), Williams-Sonoma Inc. ("Williams-Sonoma"; Case No. 13-cv-00331), Costco Wholesale Corp. ("Costco"; Case No. 13-cv-00404), and Nordstrom.Com LLC, et al. ("Nordstrom;" Case No. 13-cv-00408) (collectively, the "Defendants").

28. On September 20, 2013, Adobe filed a motion to intervene in Princeton's related lawsuit against L. L. Bean Inc. ("L. L. Bean"; Case No. 13-cv-325) (the "L. L. Bean case"). Adobe explained that in addition to L. L. Bean, an increasing number of defendants in these related actions accused of infringement of the '056 Patent have sought assistance from Adobe because, according to these defendants, the JPEG content displayed on their websites was created using Adobe products and services.

29. On October 8, 2013, Adobe, in consultation with Princeton, sent a letter to Adobe's customers informing them of the Agreement, that the Agreement extends broad protection to Adobe's customers for the use of Adobe products with a grant of a license and covenant not to sue, and that Princeton is aware of the Agreement and has agreed that it is in

force with respect to the use of Adobe products.

30. Adobe communicated with Princeton numerous times to resolve the pending lawsuits, including on January 13, 2014; January 30, 2014; February 13, 2014; March 13, 2014; and May 2, 2014. Despite numerous attempts by Adobe and Defendants to resolve the above-captioned cases without further court intervention, Princeton has refused to engage in any meaningful discussion or provide any basis for its infringement allegations against Defendants, apart from Defendants' use of Adobe licensed products and services alone or in combination with other technology.

31. Then, in a June 30, 2014 letter to the Court in the L. L. Bean case—the day before the Court's hearing on whether to grant Adobe's motion to intervene in that case—Princeton represented that it would dismiss its lawsuits against Defendants whose websites were created with Adobe licensed products and services, including Scene7.

32. During the July 1, 2014 status teleconference in the L. L. Bean case, Princeton repeatedly told this Court and Adobe that Princeton has "assured [Adobe] most recently that [Princeton] intend[s] to honor Princeton Digital's agreement with Adobe. [Princeton does] not intend to go after [Adobe's] customers. Certainly, [Princeton is] not going to violate that agreement."

33. Following the Court conference, and consistent with the Court's statement that Adobe's motion to intervene would be ripe if Princeton did not enter a stipulation of dismissal within 10 days, Princeton filed a stipulation of dismissal with prejudice in the L. L. Bean case on July 7, 2014. The Court granted dismissal that same day.

34. In view of Princeton's representations in its June 30 letter to the Court and further at the July 1 Court hearing, Adobe sought immediate dismissal of the pending cases against

Adobe's licensed customers, including Office Depot, J.C. Penney, QVC, Sears, Limited Brands, Gap, Williams-Sonoma, Costco, and Nordstrom. But Princeton failed to meaningfully respond to Adobe's July 16 correspondence, and declined to dismiss the above-captioned actions.

35. Consistent with Adobe's representations to the Court during the July 1 conference, Princeton's mooting of Adobe's motion to intervene in the L. L. Bean case did not resolve the related issues as to the other Adobe-licensed customers. Princeton still maintains its lawsuits against at least nine of Adobe's customers—the Defendants here.

36. Adobe and Defendants have repeatedly communicated with Princeton to understand the basis of Princeton's infringement allegations to resolve the above-captioned cases without further litigation, but Princeton has been unable to provide any. On October 24, 2014, counsel for Adobe conferred with counsel for Princeton regarding the Adobe licensed customers that are named Defendants in the above-captioned cases. Adobe's counsel sought an explanation for Princeton's continuation of its lawsuits against Defendants. Receiving no explanation and no expression of an intent to dismiss the lawsuits in that conference, on October 30, 2014, counsel for Adobe reiterated Adobe's concerns with Princeton's litigation conduct and wrote to Princeton that its continued prosecution based on licensed activity is unwarranted, frivolous, a breach of contract, and in violation of Rule 11.

37. On information and belief, Princeton is aware that (1) Adobe has a valid and enforceable license to the '056 Patent, which it has acknowledged in discussions with Adobe, in a letter to Defendants, and to this Court, and (2) several companies Princeton has sued have represented that they are customers and end users of licensed Adobe products and services. Nevertheless, on information and belief, Princeton still maintains its infringement claims against Adobe's customers and end users based on their making and using JPEG files with Adobe's

7

licensed products and services. Princeton has not alleged any other basis for suit despite repeated requests by Adobe and Defendants.

38. On information and belief, Princeton has declined to timely clarify or drop its infringement allegations based on Adobe's licensed products and services because Princeton is leveraging the expense of defending lawsuits and creating uncertainty over the lawful use of Adobe's technology and the scope of the Adobe license. If there were any doubt, Princeton has brought these litigations more than five years after patent expiration, and without any proffer that Defendants had notice of any purported infringement.

### Count I:  Breach of Contract

39. Adobe hereby incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-38.

40. By the terms of the Agreement, Adobe's products, services, and combinations involving the same are licensed under the '056 Patent.

41. By the terms of the Agreement, customers and end users of Adobe licensed products and services, such as Defendants, are covered by the Agreement and may not be accused of infringement by Princeton, nor sued for infringement, based on their use of Adobe products and services.

42. On information and belief, Princeton has alleged infringement by Defendants based on the use of Adobe licensed products and/or services alone or in combination with other technology.

43. Princeton has breached the terms and conditions of the Agreement, and its obligation of good faith and fair dealing with Adobe.

44. Adobe has been damaged in an amount equal, at least, to any fees, costs, or expenses it has incurred and will incur in connection with defending its customers for the use of Adobe's licensed products and services, including but not limited to its own attorneys' fees.

### Count II: Declaration of Patent Unenforceability

45. Adobe hereby incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-44.

46. On information and belief, Princeton seeks to improperly recover royalties from both a supplier (e.g., Adobe) and its customers (e.g., Defendants) for Adobe's products, services, and combinations involving the same that are licensed under Princeton's and Adobe's Agreement relating to the '056 Patent. Princeton's attempt to collect double royalties on the same products for the same '056 Patent has a strong anticompetitive effect on the market and is contrary to law.

47. By the terms of the Agreement, customers and end users of Adobe licensed products and services, such as Defendants, are covered by the Agreement and may not be accused of infringement by Princeton, nor sued for infringement, based on their use of Adobe products and services. Because Adobe has paid a royalty for a broad license to the patent rights under the '056 Patent, Princeton's rights under that patent are extinguished as to Adobe's customers, including Defendants, for use of Adobe's licensed products and services.

48. On information and belief, Princeton's improper attempts to recover double royalties against Defendants, who are admittedly already licensed to use Adobe's products and/or services alone or in combination with other technology, render the '056 Patent unenforceable at least until Princeton cures the misuse.

**Request for Relief**

Adobe seeks a judgment against Princeton and respectfully requests the following relief:

1. A judgment that customers and end users of Adobe's licensed products and services, including, but not limited to, Office Depot Inc., J.C. Penney Company, Inc., QVC Inc., Sears Holdings Company, Limited Brands, Inc., Gap Inc., Williams-Sonoma Inc., Costco Wholesale Corp., and Nordstrom.Com LLC, alone or in combination with other technology, have a license to the '056 Patent under the Agreement;

2. A judgment that Princeton has breached the Agreement;

3. An order enjoining Princeton from suing or maintaining suit against other Adobe customers and end users based on their use of Adobe licensed products and services, alone or in combination with other technology;

4. A judgment that Princeton's '056 Patent is unenforceable based on Princeton's patent misuse;

5. A judgment awarding Adobe its costs and reasonable attorney fees expended in connection with bringing and prosecuting this action, and in dealing with its customers' indemnity and defense requests, and any costs and fees resulting therefrom; and

6. A judgment awarding Adobe such other and further relief as this Court may deem just and proper.

**Demand for Jury Trial**

Adobe requests a trial by jury of all issues properly triable by jury in this action.

Dated:  May 8, 2015

|  |  |
|---|---|
|  | */s/ Kenneth L. Dorsney* |
| Tara D. Elliott (#4483) | Kenneth L. Dorsney (#3726) |
| Tara.Elliott@wilmerhale.com | MORRIS JAMES LLP |
| Rachel Weiner Cohen (admitted *pro hac vice*) | 500 Delaware Avenue, Suite 1500 |
| Rachel.Cohen@wilmerhale.com | Wilmington, DE 19801 |
| WILMER CUTLER PICKERING | (302) 888-6800 |
| HALE AND DORR LLP | kdorsney@morrisjames.com |
| 1875 Pennsylvania Avenue N.W. |  |
| Washington, DC 20006 | *Attorneys for Intervenor* |
| (202) 663-6000 | *Adobe Systems Incorporated* |