## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-239-LPS |
| | : | |
| OFFICE DEPOT INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-287-LPS |
| | : | |
| J.C. PENNEY COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-288-LPS |
| | : | |
| QVC INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-289-LPS |
| | : | |
| SEARS HOLDINGS COMPANY, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-326-LPS |
| | : | |
| LIMITED BRANDS, INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-330-LPS |
| | : | |
| GAP INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-331-LPS |
| | : | |
| WILLIAMS-SONOMA INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-404-LPS |
| | : | |
| COSTCO WHOLESALE CORP., | : | |
| | : | |
| Defendant. | : | |

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : |
| Plaintiff, | : |
| v. | :     C.A. No. 13-408-LPS |
| NORDSTROM.COM LLC, NORDSTROM.COM INC., and NORDSTROM INC. | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

Presently before the Court is Adobe's motion to compel discovery. (*See, e.g.*, C.A. No. 13-239-LPS D.I. 185) For the reasons stated below, the Court will grant the motion.

1.     PDIC's corporate representative, Thomas Meagher, did not answer certain questions during his deposition, asserting attorney-client privilege and work-product protection; PDIC also withheld discovery on privilege grounds. Adobe now requests that PDIC be compelled to produce a corporate witness to respond to those topics not discussed by Meagher and to supplement its document production and interrogatory responses, contending that PDIC has waived privilege in two ways. (D.I. 186 at 3) First, Adobe argues that PDIC has put at issue its state of mind at the time it filed the underlying infringement suits, making attorney-client communications about pre- or post-filing investigation, litigation conduct, and the reasons for dismissing the infringement claims discoverable. Second, Adobe contends that PDIC has selectively disclosed some attorney-client communications and documents prepared in anticipation of litigation, thereby waiving privilege with respect to communications and documents related to the same subject matter.

1

2.      The Court is persuaded that this combination – PDIC's contention that it brought and litigated the infringement actions in good faith, along with PDIC's selective use of privileged materials to support that assertion – waives privilege to the documents and testimony Adobe seeks.

3.      "[A] party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). "The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication." *Id.* "However, the advice of the infringer's counsel is not placed in issue, and the privilege is not waived, unless the infringer seeks to limit its liability by describing that advice and by asserting that he relied on that advice." *Id.* "Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner." *Id.*

4.      Further, Federal Rule of Evidence 502(a) provides that a waiver resulting from the disclosure of privileged or protected information in a federal proceeding extends to undisclosed information only if "(1) the waiver [was] intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fairness requires that a court prevent a party from invoking privilege "as to communications whose confidentiality he has already compromised for his own benefit." *In re Intel Corp. Microprocessor Litig.*, 258 F.R.D. 280, 289-90 (D. Del. 2008).

5.      The Court agrees with PDIC that the fact that its good faith in bringing the

2

underlying infringement suits has been put at issue is not enough, in itself, to waive privilege. *See Rhone-Poulenc*, 32 F.3d at 864. Adobe has demonstrated, however, that PDIC has also put advice of counsel at issue, as "PDIC has produced and described certain privileged communications regarding its pre-suit investigation" and PDIC relies on those materials as evidence of its good faith. (D.I. 186 at 11) In particular, Adobe points to emails between Thomas Meagher and William Meagher describing pre-suit investigations and spreadsheets – prepared in anticipation of litigation – of companies that used JPEG images on their websites, and a claim chart prepared by counsel, both of which have been produced. (D.I. 186 at 13-14) Adobe also cites PDIC's response to interrogatories stating that, before dismissing the infringement suits, "PDIC consulted with an expert to confirm that the statements in each defendant's declarations were true." (D.I. 125 Ex. 2 at 19) In his deposition, Thomas Meagher described his communications with counsel concerning a cost/benefit analysis assessing the impact of dismissing the suits against defendants. (*See* D.I. 190 Ex. 2 at 240-41) He also discussed "the algorithm that PDIC used to determine what settlement amounts to demand from the defendants, which he and PDIC's counsel worked together to create." (D.I. 190 at 5) Hence, PDIC is supporting its claim that it brought and litigated the infringement suits in good faith with privileged information.

6.      PDIC has inconsistently asserted privilege over some of these communications. For example, despite Thomas Meagher's deposition testimony describing the settlement algorithm, PDIC refused to produce the document containing the algorithm on privilege and work-product grounds. (*See* D.I. 190 Ex. 2 at 265) Similarly, PDIC contends that the claim chart is not privileged, yet Thomas Meagher invoked privilege to avoid answering questions about the

3

chart in his deposition. (*See* D.I. 181 Ex. 1 at 259)

7. In these circumstances, the Court is persuaded that PDIC has put privileged communications at issue in this litigation by selectively relying on documents or communications that are privileged attorney-client communications or attorney work product, in an effort to show that it acted in good faith in bringing and litigating the underlying patent infringement suits. PDIC "cannot 'use the privilege as a sword rather than a shield,' and thereby 'divulge whatever information is favorable to [the client's] position and assert the privilege to preclude disclosure of the detrimental facts.'" *In re Grand Jury Subpoena Issued to Galasso*, 913 A.2d 78, 87 (N.J. Super. Ct. App. Div. 2006). Here, "fairness [among other things] requires examination of protected communications." *Synalloy Corp. v. Gray*, 142 F.R.D. 266, 269 (D. Del. 1992).

Accordingly, **IT IS HEREBY ORDERED** that Intervenor Adobe's motion to compel (D.I. 185) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than August 3, provide a joint status report indicating how and when PDIC will comply with this Order.

August 1, 2017
Wilmington DE

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4