# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-239-LPS |
| OFFICE DEPOT INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-287-LPS |
| J.C. PENNEY COMPANY, INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-288-LPS |
| QVC INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-289-LPS |
| SEARS HOLDINGS COMPANY, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-326-LPS |
| LIMITED BRANDS, INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-330-LPS |
| GAP INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-331-LPS |
| WILLIAMS-SONOMA INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-404-LPS |
| COSTCO WHOLESALE CORP., | : | |
| Defendant. | : | |

| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | C.A. No. 13-408-LPS |
| NORDSTROM.COM LLC, NORDSTROM.COM INC., and NORDSTROM INC. | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington this **9th** day of **August, 2017**, having reviewed the parties' briefs on PDIC's motion for reargument (D.I. 223) and Adobe's response (D.I. 231),[1]

IT IS HEREBY ORDERED that PDIC's motion (D.I. 223) is GRANTED IN PART and DENIED IN PART.

1. The Court is not persuaded that there is a "need to correct a clear error of law or fact or to prevent manifest injustice" with respect PDIC's waiver of privilege, *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), as the Court finds that the documents discussed by PDIC are privileged communications or work product disclosed by PDIC to support its claim that it was acting in good faith in bringing the infringement suits. Nor does the Court's conclusion – in a separate dispute between the parties – that Adobe did not waive privilege persuade the Court that it made a legal or factual error here. Hence, the motion is DENIED except to the limited extent stated below.

---

[1]District of Delaware Local Rule 7.1.5(a) does not allow for reply briefs in support of reargument motions. Accordingly, PDIC's reply brief (D.I. 232) is STRICKEN. However, even if considered, the reply brief would not alter the outcome announced here.

1

2. However, given the parties' disputes about the scope of the Court's previous order, the approaching trial date, and the fact that infringement actions involving the '056 patent remain pending, the motion is GRANTED IN PART in that the Court HEREBY CLARIFIES the relief granted, as follows: (i) PDIC shall supplement its document production and interrogatory responses for Interrogatory No. 8 and Request for Production Nos. 2-5, 8-9, 12-15, 17-23, 25-27, and 48 to the extent that PDIC withheld any discovery concerning these topics on privilege grounds, by producing documents identified as PDIC_Privilege1 through PDIC_Privilege18 on PDIC's privilege log (D.I. 125 Ex. 5) and supplementing its interrogatory response, and (ii) this Order is limited to discovery with respect to the present cases (i.e., C.A. No. 13-239-LPS; C.A. No. 13-287-LPS; C.A. No. 13-288-LPS; C.A. No. 13-289-LPS; C.A. No. 13-326-LPS; C.A. No. 13-330-LPS; C.A. No. 13-331-LPS; C.A. No. 13-404-LPS; C.A. No. 13-408-LPS).

3. Notwithstanding the Court's holding above, if either party continues to wish the Court to consider granting the alternative relief sought by Adobe, either party may make such a request at the pretrial conference tomorrow.

4. IT IS FURTHER ORDERED that, contrary to the position stated by Adobe in the August 3rd joint status report (D.I. 222 at 7), the Court's August 1 memorandum opinion did resolve the issue that Adobe must satisfy the bad-faith or obvious breach standard to recover attorney fees as damages. (*See* D.I. 220 at 12-13)

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE