# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE DEPOT INC., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : C.A. No. 13-239-LPS <br> : <br> : <br> : <br> : |
| PRINCETON DIGITAL IMAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> J.C. PENNEY COMPANY, INC., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : C.A. No. 13-287-LPS <br> : <br> : <br> : <br> : |
| PRINCETON DIGITAL IMAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> QVC INC., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : C.A. No. 13-288-LPS <br> : <br> : <br> : <br> : |
| PRINCETON DIGITAL IMAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDINGS COMPANY, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : C.A. No. 13-289-LPS <br> : <br> : <br> : <br> : |

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LIMITED BRANDS, INC.,<br><br>    Defendant. | C.A. No. 13-326-LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>GAP INC.,<br><br>    Defendant. | C.A. No. 13-330-LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAMS-SONOMA INC.,<br><br>    Defendant. | C.A. No. 13-331-LPS |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP.,<br><br>    Defendant. | C.A. No. 13-404-LPS |

|  |  |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 13-408-LPS |
| | : |
| NORDSTROM.COM LLC, NORDSTROM.COM INC., and NORDSTROM INC. | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this **9th** day of **August, 2017**, having reviewed the proposed pretrial order (C.A. No. 13-239[1] D.I. 218) ("PTO") submitted by Plaintiff Princeton Digital Image Corporation ("PDIC") and Intervenor Adobe Systems Inc. ("Adobe"), including briefing on various motions *in limine* ("MIL"),

IT IS HEREBY ORDERED that:

1. Adobe's MIL #1, to preclude Thomas Meagher from testifying about his belief that images appearing on the websites of Adobe's customers were dynamically generated "on the fly," is DENIED. Meagher's beliefs are relevant to the question of whether PDIC breached the covenant-not-to sue in good faith, as his testimony may be probative of whether PDIC brought suit against non-Adobe systems only and, therefore, did not breach the contract in bad faith. Further, PDIC does not appear to be trying to use Meagher to prove that Defendants' websites actually work in a particular way. Instead, PDIC seeks to have Meagher testify about his

---

[1] All references to the docket index ("D.I.") are to C.A. No. 13-239, unless otherwise noted.

1

personal knowledge of why PDIC believed it had a viable infringement claim based on non-Adobe systems, matters which are relevant and do not warrant exclusion under the balance required by FRE 403.

2. Adobe's MIL #2, to preclude lay witness opinion testimony by Meagher about infringement and invalidity, is DENIED IN PART. Meagher's assessment of the '056 patent and PDIC's infringement theory is not offered as substantive proof that the patent is valid and infringed by Defendants' websites; the testimony will be offered as evidence relating to whether PDIC breached the covenant-not-to sue and did so in bad faith. Meagher's testimony will be based on his personal, particularized knowledge of the events relevant to this contract dispute. However, the motion is GRANTED to the extent that PDIC may not elicit testimony from Meagher that the '056 patent is a standard essential patent to the JPEG standard, as this portion of the motion appears to be unopposed.

3. Adobe's MIL #3, to preclude evidence and argument about Meagher's personal circumstances, is GRANTED. The Court agrees with Adobe that details about Meagher's personal life are not relevant to the issues in this case. Further, the Rule 403 balance strongly favors exclusion of this evidence. Should PDIC believe that something occurs at trial to make such information relevant and to materially alter the Rule 403 balance, PDIC must give notice to Adobe and request leave of the Court before attempting to present this information to the jury.

4. PDIC's MIL #1, to preclude Adobe from calling certain witnesses on its "may call" witness list (PTO Ex. 8), is DENIED. Adobe's initial and supplemental disclosures indicated that Adobe might call Adobe's licensed customers as witnesses (PTO Ex. 15E-1 at 5-6), and Adobe seeks to elicit testimony from such witnesses about a narrow topic on which

Defendants' position is known to PDIC. Under the circumstances, including the lack of surprise or unfair prejudice to PDIC, the *Pennypack* factors do not favor exclusion. However, Adobe shall, no later than August 16, identify the corporate representatives it may call, including name, address, title/role, and subject matter of the testimony.

5. PDIC's MIL #2, to preclude Adobe from introducing at trial certain exhibits, is DENIED. The Court agrees with Adobe that the declarations may be offered to show the effect on the recipient. Regardless of whether the statements contained within the declarations are true, PDIC decided to dismiss the patent infringement claims after receiving the declarations, making them relevant for a non-hearsay purpose. With respect to the other communications and court filings, any filing or statement made by PDIC is admissible as a statement of a party opponent (although redactions will likely be necessary if such materials are going to be presented before the jury). Disputed evidence that is not of a type addressed in this paragraph will be addressed on a document-by-document basis during trial, to the extent there remain objections to their use at trial.

6. PDIC's MIL #3, to preclude Adobe from offering exhibits that relate to settlements between PDIC and Defendants, is DENIED. Adobe does not seek to use the evidence "to prove or disprove the validity or amount" of PDIC's patent infringement claims against Defendants, i.e. the claims that were settled. Fed. R. Evid. 408. Rather, Adobe will use the evidence to support its claim that PDIC breached the covenant-not-to sue by bringing and maintaining the suits against Defendants and did so in bad faith – purposes for which the evidence is admissible. *See Broadcort Cap. Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992); *Resolution Tr. Corp. v. Blasdell*, 154 F.R.D. 675, 687 (D. Ariz. 1993).

3

The parties shall be prepared to address any other matters contained in the PTO at the pretrial conference tomorrow.

                                             HON. LEONARD P. STARK
                                             UNITED STATES DISTRICT JUDGE